PEOPLE v ELLIOTT

Docket No. 182787. Submitted November 8, 1995, at Lansing. Decided January 26, 1996, at 9:00 A.M.

Samuel L. Elliott pleaded guilty in the Jackson Circuit Court, Charles A. Nelson, J., of unarmed robbery and being an habitual offender, third offense, and was sentenced to a prison term of five to thirty years. The defendant appealed, seeking resentencing on the basis that the trial court incorrectly scored certain offense variables in computing the recommended sentence under the sentencing guidelines.

The Court of Appeals *held:*

1. Although the sentencing guidelines are inapplicable to a sentence imposed following a conviction as an habitual offender, the sentencing court must consider the guidelines with respect to the underlying offense.

2. Because the defendant handed the victim a note that indicated that he had a gun and had his hand in the pocket of his pants in a manner so that it appeared that he was gripping the handle of a pistol, the trial court properly scored Offense Variable 1, aggravated use of a weapon, as five points, because OV 1 clearly contemplates such a score where there is an implied use of a weapon.

3. The trial court properly scored Offense Variable 13, psychological injury to victim, as five points. The victim indicated that as a result of the robbery, he had difficulty sleeping and eating, was afraid to work the night shift, and felt that he was in need of counseling, but that he was unable to afford such counseling and was unable to obtain help in securing counseling through his employer. Because the sentencing guidelines make reference to a victim's necessity of treatment and not the victim's success in obtaining treatment, the trial court did not abuse its discretion in determining that the victim suffered a serious psychological injury necessitating professional treatment and scoring OV 13 as five points.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 598-599.
See ALR Index under Sentence and Punishment.

SENTENCES — SENTENCING GUIDELINES — PSYCHOLOGICAL INJURY TO
    VICTIM.

> Offense Variable 13 of the Michigan Sentencing Guidelines (2d
> ed) is properly scored as five points where there is evidence
> that the victim suffered a serious psychological injury that
> necessitates professional treatment even if the victim has not,
> in fact, undergone professional treatment; the scoring of OV 13
> turns on the victim's necessity for professional treatment, not
> on the victim's success in obtaining treatment.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis Hurst,* Prosecuting Attorney, and *Christine A. Clancy,* Chief Appellate Attorney, for the people.

*Adil Haradhvala,* for the defendant.

Before: SAWYER, P.J., and YOUNG and S. B. NEILSON,* JJ.

YOUNG, J. Defendant pleaded guilty of unarmed robbery, MCL 750.530; MSA 28.798, and being an habitual offender, third offense, MCL 769.11; MSA 28.1083. The trial court sentenced defendant to prison for five to thirty years. Defendant appeals as of right, claiming the trial court improperly scored offense variables (OV). We affirm.

Trial courts are afforded broad discretion in calculating sentencing guidelines, and appellate review of those calculations is very limited. *People v Derbeck,* 202 Mich App 443, 449; 509 NW2d 534 (1993); *People v Johnson,* 202 Mich App 281, 288; 508 NW2d 509 (1993). Scoring decisions for which there is any evidence in support will be upheld. *People v Hernandez,* 443 Mich 1, 16; 503 NW2d 629 (1993). We find the trial court properly scored OV 1 and OV 13 because there was adequate evidence on the record to support the scores. *Derbeck, supra,* 449.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

As the trial court noted, the sentencing guidelines are inapplicable because defendant pleaded guilty of being an habitual offender. However, the guidelines must be computed by the trial court for the underlying offense. *People v Cutchall,* 200 Mich App 396, 409; 504 NW2d 666 (1993). The trial court specifically stated that it would sentence within the guidelines, "so that there will be no question with regards to appeal as to having gone outside the guidelines." We also note that proportionality is not to be determined by any rigid mathematical formula based upon a comparison of the recommended sentence under the guidelines to the enhancement authorized by the habitual offender statutes. *People v Cervantes,* 448 Mich 620, 626; 532 NW2d 831 (1995), questioning *People v Oelberg,* 197 Mich App 346, 347; 494 NW2d 869 (1992). Rather, in the circumstances presented by this case, our review should determine whether these has been an abuse of discretion. *Cervantes, supra,* 627.

Record evidence indicated that defendant handed the victim, a grocery store clerk, a note that stated he had a gun. Defendant had his hands in his pants and appeared to be gripping the handle of a pistol. Thus, ov 1 (aggravated use of a weapon) was appropriately scored, because the guidelines clearly contemplate the implied use of a firearm.

Record evidence also supports the trial court's score for ov 13 (psychological injury to victim). According to the Michigan Sentencing Guidelines (2d ed), ov 13 for robbery provides for the assessment of points as follows:

> 5 Serious psychological injury to victim or victim's family necessitating professional treatment
> 0 No psychological injury

The record establishes that the victim feared for his life and sustained psychological injury that he believed required professional treatment. Specifically, the presentence investigation report states that the victim had difficulty sleeping and eating after the robbery and that he was afraid to work the night shift. The victim further told the author of the presentence investigation report that he felt he needed counseling, but that his employer was "basically ignoring the situation."

At sentencing, defense counsel objected to the scoring of five points for ov 13, because the victim had not actually had any professional counseling in connection with this robbery. The trial court responded as follows:

> I think that the victim's statement . . . was that this has caused him a great degree of anxiety, grief, fear, and he would like to have it addressed but his—the employer just won't take and address it for him by getting some kind of help for him.
>
> * * *
>
> I think the victim wants [professional counseling.]
>
> * * *
>
> I think what he set forth was a serious psychological injury and I think it's the type that should have had treatment.
>
> But the fact that he couldn't afford it, couldn't get the employer to address it certainly doesn't benefit the perpetrator. So I'm going to allow that scoring to stand also.

In *People v Moseler,* 202 Mich App 296, 300; 508 NW2d 192 (1993), this Court affirmed the trial court's scoring of ov 13 where the victim sought psychological counseling after developing symptoms similar to the kind involved in this case. We find the trial court in the present case properly

scored ov 13 on the basis of the fact that the victim desired and believed that he needed professional treatment for the problems that he suffered as a result of the robbery, even though, as of the time of sentencing, he had been unable to afford such treatment or to get help through his employer to obtain it. We agree with the trial court that defendant should not benefit because the victim was unable to afford treatment. The guidelines reference the necessity for treatment, not the success of obtaining it.

Under these circumstances, defendant's claim that resentencing is warranted is without merit.

Affirmed.