PEOPLE v ENDRES

Docket No. 256991. Submitted December 6, 2005, at Grand Rapids. Decided January 12, 2006, at 9:05 a.m.

Jeremy S. Endres pleaded no contest in the Barry Circuit Court to charges of third-degree criminal sexual conduct (CSC) and accosting a minor for an immoral purpose. The court, James H. Fisher, J., sentenced the defendant to 10 to 15 years in prison for the CSC conviction and to time served for the conviction of accosting a minor. The defendant applied for leave to appeal the sentence imposed for the CSC conviction, which application the Court of Appeals, BANDSTRA, P.J., and MURPHY and MARKEY, JJ., denied in an unpublished order, entered February 6, 2004 (Docket No. 252738). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 471 Mich 863 (2004).

The Court of Appeals *held*:

1. The circuit court erroneously assessed five points for offense variable (OV) 3 (physical injury to victim) when applying the sentencing guidelines because there was no evidence in the record to support that score under MCL 777.31(1)(e). The error did not affect the defendant's sentence, however.

2. The circuit court also erroneously assessed 20 points for prior record variable (PRV) 5 (prior misdemeanor convictions or prior misdemeanor juvenile adjudications). Such a conviction or adjudication may be counted in scoring PRV 5 only if it is for an offense against a person or property, a controlled substance offense, or a weapon offense, MCL 777.55(2)(a), or is for one of the specified offenses involving the operation of a vehicle while under the influence of, or impaired by, alcohol or a controlled substance, MCL 777.55(2)(b). While the term "controlled substance offense" is not defined in the sentencing guidelines, it is appropriate to apply the definition of "controlled substance" from the Public Health Code, MCL 333.7104(2), for the purposes of scoring PRV 5. Alcohol is not included as a controlled substance under that definition, and an alcohol-related conviction is not a "controlled substance offense" under MCL 777.55(2)(a). None of the defendant's alcohol-related convictions should have been counted in

scoring PRV 5. The defendant's sentence constituted an upward departure from the sentencing guidelines recommendation that would result from a calculation of his PRV level without those convictions. Thus, resentencing is required.

3. The circuit court did not erroneously assess 15 points for OV 19 (security threat to penal institution or court or interference with administration of justice or emergency services) under MCL 777.49(b). The defendant's threats to kill his victim jeopardized the administration of justice because there was sufficient evidence to conclude that his victim might have been dissuaded by the defendant's threats from coming forward with an accusation and testimony, thus preventing the discovery and prosecution of the defendant's crimes. Moreover, the record supports the conclusion that the threats resulted in interference with the administration of justice, either by preventing the victim from coming forward sooner or affecting his testimony against the defendant.

4. The circuit court did not err by scoring five points for PRV 6 (relationship to criminal justice system), MCL 777.56(1)(d), because the defendant had a relationship with the criminal justice system when he committed the offenses in this case, having pleaded guilty to another crime during that time.

5. The defendant is not entitled to resentencing pursuant to *Blakely v Washington*, 542 US 296 (2004), because *Blakely* does not apply to sentences imposed in Michigan.

Sentence vacated and case remanded for resentencing.

1. SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES — CONTROLLED SUBSTANCE OFFENSES — ALCOHOL.

Alcohol is not included in the definition of "controlled substance" as that term is used in the provision of the sentencing guidelines concerning prior record variable 5 (prior misdemeanor convictions or prior misdemeanor juvenile adjudications), and an offender's alcohol-related conviction or adjudication is not a "controlled substance offense" for the purposes of scoring that prior record variable (MCL 333.7104[2], 777.55[2][b]).

2. SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — INTERFERENCES WITH THE ADMINISTRATION OF JUSTICE.

Points are to be scored for offense variable 19 of the sentencing guidelines if the offender used force or the threat of force to interfere with or attempt to interfere with the administration of justice, or the force or threat of force resulted in such an interference regardless of the offender's intent; a threat to kill a victim may jeopardize the administration of justice by dissuading the

victim from coming forward with an accusation or testimony, thus preventing the discovery or prosecution of the offender's crime, or may result in interference with the administration of justice by preventing the victim from coming forward sooner or affecting the victim's testimony against the offender (MCL 777.49[b]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Gordon Shane McNeill*, Prosecuting Attorney, and *Nancy Mullett*, Assistant Attorney General, for the people.

State Appellate Defender (by *Desiree M. Ferguson*) for the defendant.

Before: WHITBECK, C.J., and BANDSTRA and MARKEY, JJ.

BANDSTRA, J. Defendant's application for leave to appeal to this Court was denied, but our Supreme Court remanded the case to us for consideration as on leave granted. *People v Endres*, 471 Mich 863 (2004). Defendant pleaded *nolo contendere* to charges of third-degree criminal sexual conduct, MCL 750.520d(1)(a), and accosting a minor for an immoral purpose, MCL 750.145a, relating to sexual acts perpetrated on his younger cousin. Defendant was sentenced to 10 to 15 years in prison for his CSC conviction and to time served for his conviction of accosting a minor. Defendant challenges the minimum sentence imposed for his CSC conviction on several grounds. We conclude, in part, that defendant's prior alcohol-related convictions not related to operating a motor vehicle while under the influence of liquor (OUIL) were improperly counted against him in calculating the minimum sentence range under the sentencing guidelines because they were

not "controlled substance offense[s]" under MCL 777.55(2)(a). We vacate defendant's sentence and remand for resentencing.

Under MCL 769.34(10), if a minimum sentence is within the appropriate guidelines sentence range, we must affirm the sentence and may not remand for resentencing absent an error in scoring the sentencing guidelines or reliance on inaccurate information in determining the sentence. See *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). Scoring decisions for which there is any evidence in support will be upheld. *People v Elliott*, 215 Mich App 259, 260; 544 NW2d 748 (1996). Additionally, we review de novo as a question of law the interpretation of the statutory sentencing guidelines. *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003). Defendant preserved his objections to the scoring of prior record variable (PRV) 5, offense variable (OV) 3, and OV 19 by objecting to PRV 5 at sentencing and objecting to the scores of all three variables in his motion for resentencing. *Kimble, supra* at 309-311.

Defendant argues that the trial court erroneously assessed five points for OV 3 (physical injury to victim). MCL 777.33(1)(e) provides that five points are to be scored if "[b]odily injury not requiring medical treatment occurred to a victim[.]" While the prosecutor's file notes indicated that the victim experienced rectal pain as a result of defendant's assaults, that information was not placed on the record. Despite the trial court's determination that there "appears to be some basis to have scored" OV 3 at five points, we find that such an

assessment was erroneous when there was no record evidence to support the score. *Hornsby, supra* at 468; *Elliott, supra* at 260.[1]

Defendant also argues that the trial court erroneously assessed 20 points for PRV 5 (prior misdemeanor convictions or prior misdemeanor juvenile adjudications). MCL 777.55(1)(a) provides that 20 points are to be scored if "[t]he offender has 7 or more prior misdemeanor convictions or prior misdemeanor juvenile adjudications[.]" A conviction or adjudication is counted "only if it is an offense against a person or property, a controlled substance offense, or a weapon offense," MCL 777.55(2)(a), and defendant contends that some of his alcohol-related convictions should not have been counted as "controlled substance offense[s]."[2] We agree.

Neither the PRV statutes nor the other statutes applicable to the calculation of a minimum sentence under the sentencing guidelines contain a definition of "controlled substance offense." Accordingly, we turn to the only legislatively enacted definition of that term, in article 7 of the Public Health Code. A "controlled substance" is "a drug, substance, or immediate precursor included in schedules 1 to 5 of part 72" of the Public Health Code, MCL 333.7201 *et seq.* MCL 333.7104(2). Alcohol is not included as a controlled substance in

---

[1] We note that this determination does not alter defendant's sentence—a reduction from five to zero points for OV 3 leaves defendant with a total OV score of 60 points instead of 65 points, which is still within the OV level V range of 50 to 74 points.

[2] This same argument does not apply to the OUIL offense that was counted against defendant under another part of the statute, MCL 777.55(2)(b). Nonetheless, even though defendant did not raise the issue, we conclude that because the OUIL conviction was entered *after* the sentencing offense was committed, it was not an offense properly counted under PRV 5. MCL 777.55(3) (To be counted as a "prior" offense, a conviction or adjudication must have been "entered before the sentencing offense was committed.").

schedules 1 to 5. See MCL 333.7201 to 333.7231. In addition, MCL 333.7208 states, in pertinent part, that the "[a]uthority to control under this article does not extend to distilled spirits, wine, [or] malt beverages . . . ."

The Public Health Code definition of "controlled substance" does not directly apply to the statutory sentencing guidelines. See MCL 333.7101. However, we presume that the Legislature was aware of this limited definition of "controlled substance" when it used that same term in the statute establishing PRV 5.[3] See *People v Rahilly*, 247 Mich App 108, 112; 635 NW2d 227 (2001). Further, the Public Health Code provisions on controlled substances serve a penal purpose similar to that of the sentencing guidelines, see, e.g., MCL 333.7401c, and the sentencing guidelines apply to controlled substance offenses that are designated as felonies by the Public Health Code, MCL 777.13m. We conclude it appropriate to apply the Public Health Code definition of "controlled substance" for purposes of PRV 5.

Further, our interpretation of "controlled substance" as not including alcohol finds support in subsection 2(b) of the PRV 5 statute, MCL 777.55(2)(b). That subsection directs that prior convictions and adjudications for operating various vehicles "while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance" should be counted against a defendant. If alcohol is a "controlled substance," these "operating under the influence" offenses would already be counted under preceding subsection 2(a), making subsection 2(b) a nullity. See *People v McLaughlin*, 258 Mich App 635, 673; 672

---

[3] The sentencing guidelines statutes were enacted in 1998, 20 years after the Public Health Code controlled substances provisions.

NW2d 860 (2003) ("In construing a statute, the statutory provisions must be read in the context of the entire statute in order to produce a harmonious whole; courts must avoid a construction that would render statutory language nugatory."). Finally, the language of subsection 2(b) itself clearly indicates that "alcohol" and "a controlled substance" are not to be considered one and the same. Each is a distinct category of substances that can be ingested separately or in combination, with the result that the ability of a vehicle operator is impaired.

Accordingly, defendant's alcohol-related convictions cannot be counted against him. The only prior misdemeanor convictions or prior misdemeanor juvenile adjudications that can be used to score PRV 5 are defendant's two 1999 retail fraud juvenile adjudications, which result in a score of five points for PRV 5. MCL 777.55(1)(d). This reduces defendant's total PRV score from 27 to 12 points, and reduces defendant's PRV level from D to C. Defendant's current sentence of 10 to 15 years in prison thus constitutes an upward departure from the guidelines. Defendant is entitled to resentencing.

Defendant also argues that the trial court erroneously assessed 15 points for OV 19 (security threat to penal institution or court or interference with administration of justice or emergency services). MCL 777.49(b) provides that 15 points are to be scored if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice . . . ." There was evidence that defendant threatened to kill his victim, but defendant argues that his

threats did not jeopardize "the administration of justice" as required by this statutory language. We disagree.

Both parties cite *People v Barbee*, 470 Mich 283; 681 NW2d 348 (2004), in support of their respective arguments. In *Barbee*, the trial court scored OV 19 at ten points because the defendant gave a police officer a false name during a traffic stop. *Id.* at 285. Our Supreme Court reasoned that conduct occurring before criminal charges are filed can form the basis for "interference, or attempted interference, with the administration of justice" because that is "a broad phrase that *can* include acts that constitute 'obstruction of justice,' " but is not limited to those acts. *Id.* at 284, 286 (emphasis in original). The Court held that the phrase "interfered with or attempted to interfere with the administration of justice" applies to "more than just the actual judicial process" and includes providing false information to law enforcement officers in the process of investigating a crime. *Id.* at 287-288.

Defendant's conduct here in threatening his victim with death was certainly more egregious than that of the defendant in *Barbee* who merely provided a false name to an investigating officer. And, as the trial court reasoned, when defendant made the threats against his victim, defendant knew the victim "would be the primary witness" against him if criminal charges were filed. There was sufficient evidence to conclude that because of defendant's threats, his victim might have been dissuaded from coming forward with accusations and testimony, thus preventing the discovery and prosecution of defendant's crimes.

Further, to the extent that defendant argues that he did not intend to interfere with the administration of justice when he made his threats, we note a distinction

between this case and *Barbee*. At issue in *Barbee* was the imposition of ten points under OV 19 because "[t]he offender . . . interfered with or attempted to interfere with the administration of justice" without the use of or threat of force. *Id.* at 284-286; MCL 777.49(c). Here, where there was evidence of threatened force, the statutory provision also applies if that threat of force "results in the interference with the administration of justice . . . ." MCL 777.49(b). Regardless of defendant's intent in making his threats, the record supports the conclusion that those threats resulted in the interference with the administration of justice, either by preventing the victim from coming forward sooner or affecting his testimony against defendant. The trial court did not err in scoring 15 points against defendant under OV 19.

Defendant raises two additional claims in his supplemental appellate brief. Defendant argues that the trial court erroneously scored five points for PRV 6 (relationship to criminal justice system). We review this unpreserved claim for plain error affecting defendant's substantial rights. *Kimble, supra* at 312. MCL 777.56(1)(d) provides that five points are to be scored if "[t]he offender is on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a misdemeanor[.]"

Defendant correctly argues that he was not on probation at the time that the present offenses were committed. The record indicates that his probation for a 1999 retail fraud juvenile adjudication was completed before the offense dates of June 1, 2001, to July 27, 2001. However, the record also indicates that on May 12, 2001, defendant was charged with purchasing, consuming, or possessing alcohol as a minor, to which he pleaded guilty on June 18, 2001, and was sentenced to

pay $85 in fines, costs, and fees. Therefore, defendant had a relationship with the criminal justice system at the time he committed the offenses in the present case, and no plain error is apparent in the trial court's assessment of five points for PRV 6.

Defendant also argues that he is entitled to resentencing pursuant to the United States Supreme Court's decision in *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). Our Supreme Court and this Court have concluded that *Blakely* does not apply to sentences imposed in Michigan. *People v Wilson*, 265 Mich App 386, 399; 695 NW2d 351 (2005), citing *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004), and *People v Drohan*, 264 Mich App 77, 89 n 4; 689 NW2d 750 (2004), lv gtd in part 472 Mich 881 (2005).

We vacate defendant's sentence and remand this case for resentencing. We do not retain jurisdiction.