GADIGIAN v CITY OF TAYLOR

Docket No. 279540. Submitted September 9, 2008, at Lansing. Decided November 20, 2008. Approved for publication January 27, 2009, at 9:10 a.m. Leave to appeal sought.

Diane Gadigian brought a negligence action in the Wayne Circuit Court against the city of Taylor, seeking damages for injuries she sustained when she slipped and fell on a public sidewalk. She alleged negligent maintenance of the sidewalk and invoked the highway exception to governmental immunity, MCL 691.1402. The defendant moved for summary disposition on the ground that the alleged sidewalk defect was less than two inches, arguing that it was thus entitled under MCL 691.1402a(2) to a statutory inference that it had maintained its sidewalk in reasonable repair. The court, John H. Gillis, Jr., J., denied the motion, and the defendant appealed.

The Court of Appeals *held*:

MCL 691.1402(1) imposes on governmental agencies a duty of care to maintain sidewalks in reasonable repair. Under MCL 691.1402a(2), a discontinuity defect of less than two inches gives rise to a rebuttable inference that the municipality has maintained its sidewalk in reasonable repair. An inference does not equate with a presumption, however. An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption. An inference of negligence, standing alone, does not support summary disposition because the trier of fact is still free to accept or reject the inference. A presumption inherently involves compulsion because the trier of fact must take account of the presumed facts when assessing the other, basic facts of the case. In the absence of contrary evidence, the trier of fact must find that the presumed facts exist once the facts from which the presumed facts spring are established. An inference, however, does not carry a corresponding obligation to find a certain fact. The rebuttable inference described in MCL 691.1402a(2) allows a trier of fact to conclude that a municipality properly maintained its sidewalk, but does not compel the trier of fact to do so. If the

plaintiff offers contrary evidence in a case involving that statute, the trier of fact weighs all the evidence to reach a verdict. In this case, the plaintiff's evidence, including the affidavit of an engineer, was sufficient to rebut the statutory inference and create a question for the jury. The trial court properly denied the defendant's summary disposition motion.

Affirmed.

*Raftery, Janeczek & Hoelscher, P.C.* (by *James J. Raftery*), for the plaintiff.

*Johnson, Rosati, LaBarge, Aseltyne & Field, P.C.* (by *Marcelyn A. Stepanski* and *Edward D. Plato*), for the defendant.

Before: O'CONNELL, P.J., and SMOLENSKI and GLEICHER, JJ.

PER CURIAM. Defendant appeals by right the circuit court's order denying its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). Because plaintiff presented sufficient evidence to create a jury-submissible question concerning whether defendant maintained its sidewalk in reasonable repair, we affirm. We decide this appeal without oral argument pursuant to MCR 7.214(E).

Plaintiff sustained injuries when she tripped and fell on a public sidewalk located within defendant city of Taylor. She filed this action, alleging negligent maintenance of the sidewalk and invoking the highway exception to governmental immunity, MCL 691.1402. Defendant moved for summary disposition on the ground that the alleged sidewalk defect measured less than two inches. Defendant argued that it was thus entitled to a statutory inference that it had maintained its sidewalk in reasonable repair. MCL 691.1402a(2). The circuit court denied defendant's motion.

We review de novo a circuit court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The application of the highway exception to governmental immunity presents a question of law, which we also review de novo. *Meek v Dep't of Transportation*, 240 Mich App 105, 110; 610 NW2d 250 (2000), overruled in part on other grounds by *Grimes v Dep't of Transportation*, 475 Mich 72 (2006).

> "When reviewing a motion for summary disposition under MCR 2.116(C)(7), a court must accept as true the plaintiff's well-pleaded factual allegations and construe them in the plaintiff's favor. The court must look to the pleadings, affidavits, or other documentary evidence to determine whether there is a genuine issue of material fact." [*Guerra v Garratt*, 222 Mich App 285, 289; 564 NW2d 121 (1997) (citation omitted).]

If no material facts are in dispute, " 'and reasonable minds could not differ on the legal effect of those facts,' " whether the plaintiff's claim is barred is a question for the court as a matter of law. *Id.* (citation omitted).

Because defendant is a governmental entity, the following principles in MCL 691.1402(1) govern this case:

> Except as otherwise provided in [MCL 691.1402a], each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

It is undisputed that the statutory term "highway" encompasses "sidewalks." MCL 691.1401(e); *Buckner Estate v City of Lansing*, 480 Mich 1243, 1244 (2008). Accordingly, MCL 691.1402(1) imposes a duty of care on governmental agencies to maintain sidewalks under their control in reasonable repair.

We acknowledge that the Legislature has relieved municipal corporations of liability for sidewalk-related injuries unless (1) the municipal corporation had notice of the defect at least 30 days before the injury and (2) the defect proximately caused the injury. MCL 691.1402a(1)(a) and (b). But these two conditions undisputedly exist in this case. We further acknowledge that the Legislature has provided that a "discontinuity defect of less than 2 inches" gives rise to "a rebuttable inference" that a municipality has maintained its sidewalk in reasonable repair. MCL 691.1402a(2). Nevertheless, for the reasons that follow, we conclude that plaintiff presented sufficient documentary evidence in the instant case to overcome this statutory rebuttable inference.

A longstanding common-law two-inch rule predated the rebuttable inference contained in MCL 691.1402a. This common-law rule absolutely prohibited recovery for injuries caused by sidewalk defects less than two inches deep. *Harris v Detroit*, 367 Mich 526, 528; 117 NW2d 32 (1962). But 10 years after *Harris* reiterated the common-law rule, our Supreme Court entirely abrogated the rule, explaining in *Rule v Bay City*, 387 Mich 281, 282; 195 NW2d 849 (1972), that the Court no longer regarded its enforcement "as desirable."

In 1986, the Legislature amended the general governmental immunity statute, MCL 691.1407. One amendment added the following language: "Except as otherwise provided in this act, this act shall not be

construed as modifying or restricting the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed." MCL 691.1407(1), as amended by 1986 PA 175. In *Glancy v City of Roseville*, 457 Mich 580, 582; 577 NW2d 897 (1998), two municipalities asserted that the amended governmental immunity law codified the two-inch rule as it had existed before 1972, when *Rule* struck it down. Alternatively, the municipalities urged the Supreme Court to adopt the two-inch rule as a common-law "threshold for lack of 'reasonable repair' under MCL 691.1402(1)." *Id.* The Supreme Court held that the amendment of MCL 691.1407(1) did not "resuscitate" the two-inch rule after its abolition in *Rule*. *Id.* at 589. The *Glancy* Court also refused to create a new two-inch rule, explaining that

> while the judiciary has authority to formulate policy regarding common-law issues, which could include adopting a bright-line rule, it may not adopt rules that change statutes on the basis of policy arguments. Rather, the judiciary's role in determining the policy behind a statute is to attempt to determine the policy choice the Legislature made. [*Id.* at 590.]

The *Glancy* Court concluded, "Policy arguments in favor of adopting the two-inch rule as a bright-line threshold for lack of 'reasonable repair' under [MCL 691.1402(1)] should be addressed to the Legislature." *Id.* at 591.

In 1999, the Legislature responded by enacting MCL 691.1402a, which specifically addresses municipal liability for sidewalk-related injuries. In crafting this statute, the Legislature could have adopted the former common-law rule, which flatly prohibited claims involving discontinuity defects of less than two inches. Alternatively, the Legislature could have granted municipal

corporations a rebuttable *presumption* of proper maintenance with respect to all defects of less than two inches. Indeed, our Supreme Court in *Glancy* specifically referred to MCL 257.625a(9) as an "example of the adoption of a bright-line rule by statutory presumption . . . ." *Glancy, supra* at 590 n 6.[1] Many similar "rebuttable presumptions" exist in other statutes as well.[2]

But rather than eliminating all sidewalk-injury claims arising from defects of less than two inches, and instead of creating a rebuttable presumption that defects of less than two inches are consistent with reasonable maintenance, the Legislature used the term "rebuttable inference." Given this selection of a legal term of art, "the judiciary's role in determining the policy behind [the] statute is to attempt to determine the policy choice the Legislature made." *Glancy, supra* at 590. We must begin by following the Legislature's pronouncement that legal terms of art that "have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a.

Under Michigan law, an "inference" does not equate with a "presumption." In *Ward v Consolidated Rail Corp*, 472 Mich 77, 84; 693 NW2d 366 (2005), our Supreme Court observed that the "trial court's instructions to the jury blurred the distinction between pre-

---

[1] The version of MCL 257.625a(9) effective in 1998 set forth "presumptions" regarding the impairment of a "defendant's ability to operate a motor vehicle . . . due to the consumption of intoxicating liquor." MCL 257.625a(9)(a) and (b), as amended by 1996 PA 491. The presumptions derived from specific blood and urine alcohol levels. In *People v Calvin*, 216 Mich App 403, 408-409; 548 NW2d 720 (1996), this Court held that the statutory presumptions qualified as "rebuttable."

[2] See, e.g., MCL 436.1801(8) (providing for a "rebuttable presumption" in dramshop actions); MCL 125.985(2); MCL 168.472a.

sumptions and inferences and were not tailored to the evidence submitted by the parties." Black's Law Dictionary (8th ed) defines an "inference" as a "conclusion reached by considering other facts and deducing a logical consequence from them." According to MRE 301, however, in a civil case "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption . . . ."

An examination of the doctrine of res ipsa loquitur, which involves the use of an inference rather than a presumption, illustrates the important differences between these two legal concepts. The doctrine of res ipsa loquitur "entitles a plaintiff to a permissible inference of negligence from circumstantial evidence." *Jones v Porretta*, 428 Mich 132, 150, 155-156; 405 NW2d 863 (1987). Once a plaintiff establishes an inference of negligence, a defendant may attempt to explain away or avoid the inference. *Neal v Friendship Manor Nursing Home*, 113 Mich App 759, 765; 318 NW2d 594 (1982). The question whether the inference has been successfully avoided belongs to the trier of fact. *Id.*

In *Neal*, the trial court granted summary disposition to the plaintiff after finding no genuine issue of material fact concerning whether the defendant's agent had negligently caused a serious burn by placing a hot water bottle on a child's bare skin. *Id.* at 762. This Court reversed, explaining that although the plaintiff had satisfied the conditions for application of the doctrine of res ipsa loquitur and that "an inference of negligence could therefore be drawn," the trial court had incorrectly concluded "that such an inference was *necessary* . . . ." *Id.* at 765 (emphasis in original). This Court continued: "In essence, the trial court failed to distinguish between evidentiary facts and the inferences or

conclusions to be drawn from those facts. By making the inference of defendant's negligence a conclusive one, the trial court usurped the fact-finding role of the jury ultimately impaneled." (Citation omitted.)

As *Neal* makes clear, an *inference* of negligence—standing alone—does not support summary disposition because the jury is still free to accept or reject the inference. We likewise conclude that while the "rebuttable inference" described in MCL 691.1402a(2) allows the trier of fact to conclude that a municipality has properly maintained its sidewalk when a "discontinuity defect of less than 2 inches" exists, it does not compel the trier of fact to do so.

In short, a presumption operates differently than an inference. "[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption . . . ." MRE 301. A presumption inherently involves "compulsion" because the trier of fact *must* take account of the presumed fact when assessing the other, basic facts of the case. 21B Wright & Graham, Federal Practice & Procedure: Evidence (2d ed) § 5124, p 489. "The fundamental effect of a presumption in a civil case is that once the so-called 'basic' facts are established—that is, the facts from which the presumed facts spring—the jury *must* find that the presumed facts exist in the absence of contrary evidence." 1 Robinson, Longhofer & Ankers, Michigan Court Rules Practice, Evidence (2d ed), § 301.1, p 134 (emphasis supplied). An inference does not carry a corresponding obligation to find a certain fact. As Wright and Graham explain:

> Like the presumption, an inference involves a relationship between two facts; the fact proved and the fact to be inferred from it. But unlike the presumption, an inference lacks the element of compulsion; the judge or jury can

> choose whether or not to infer fact B from proof of fact A
> irrespective of the presence or absence of contrary evidence
> of fact B. [*Id.* at 490.]

Despite its evidentiary power, even a presumption may be overcome by the production of evidence rebutting it. Indeed, the "usual standard required to overcome a rebuttable presumption" is "competent and credible evidence." *Reed v Breton*, 475 Mich 531, 539; 718 NW2d 770 (2006). With the introduction of evidence rebutting a presumption, a question of fact arises. For example, in a will contest involving alleged undue influence, certain circumstantial evidence regarding the existence of a confidential relationship between a testator and a fiduciary may give rise to a presumption of undue influence. *In re Cox Estate*, 383 Mich 108, 116; 174 NW2d 558 (1970). But a jury question is created simply by the introduction of contrary evidence:

> [T]he testimony of the fiduciaries that they did not exert influence over the testatrix in the making of her will does not overcome the presumption as a matter of law but leaves it as a permissible inference to be weighed with that and other evidence, sufficient to sustain a jury verdict of undue influence. [*Id.*]

Moreover, as our Supreme Court observed in *Johnson v Secretary of State*, 406 Mich 420, 441; 280 NW2d 9 (1979):

> If the trier of fact finds the fact which supports the presumption, the ultimate fact must be found in the absence of evidence to the contrary. *If contrary evidence is offered, the trier is free from the compulsion of the presumption and weighs all the evidence, including the evidence of the basic fact. The trier is free to infer the existence of the ultimate fact, but the law does not require it.* [Emphasis added.]

The statute at issue in this case provides that a "discontinuity defect of less than 2 inches creates a rebuttable inference" of reasonable repair. MCL 691.1402a(2). These

words mean that a municipal corporation may defend a negligence claim by simply relying on the statutory language. If the plaintiff offers "contrary evidence," as in any other case involving an inference, the trier of fact "weighs all the evidence" to reach a verdict. *Johnson, supra* at 441. If the plaintiff fails to offer contrary evidence, the inference results in summary disposition or a directed verdict for the municipality.[3]

Turning to the facts of the present case, James Moran, Jr., the foreman of defendant's Department of Public Works, conceded awareness that the sidewalk defect had existed for approximately three years before plaintiff's fall. Plaintiff rebutted the inference that defendant had maintained the sidewalk in reasonable repair by presenting an affidavit signed by Theodore Dziurman, an engineer, opining that the raised sidewalk slab "was a trip hazard" given "the height difference between adjoining slabs." Dziurman further averred:

> [1.] Ms. Gadigian clearly fell when her left toe struck the raised portion of the sidewalk, propelling her forward. Her husband, who was standing next to her, was not cause [sic] to fall because he was stepping over the opposite edge of the sidewalk, which was actually raised over the adjacent side by one inch.
>
> [2.] This "teeter-tauter" [sic] effect of the slabs of the sidewalk adjacent to one another caused a trip hazard for

---

[3] Unquestionably, a municipal corporation bears a statutory duty to maintain its sidewalks in reasonable repair once it has notice of a defect. MCL 691.1402; MCL 691.1402a. Whether a defendant in a negligence case breached its duty of reasonable care is a question for the jury unless all reasonable persons would agree. *Moning v Alfono*, 400 Mich 425, 438; 254 NW2d 759 (1977). Once introduced, evidence of unreasonable maintenance creates a jury question. "It is only when all reasonable men must agree on the issue of negligence or contributory negligence that a court may decide a question as a matter of law rather than allowing it to go to the jury." *Wilhelm v Detroit Edison Co*, 56 Mich App 116, 158; 224 NW2d 289 (1974).

traffic walking in either direction along the sidewalks, as well as for ponding of water on adjacent sidewalk slabs.

[3.] It is further my professional opinion that this sidewalk is even more dangerous in its current condition than a sidewalk that is raised two inches or more (but consistently across). This is so because if a sidewalk was raised only on one side at two inches or more, it would be readily visible and would create a trip hazard to traffic walking only in one direction. In this case, because the sidewalk slab was angled, it created a trip hazard to traffic in either direction along the sidewalk, and also made it more difficult to observe to the casual pedestrian because the trip hazard was not present across the entire slab in any one direction and, depending on the direction one looked at the sidewalk, it would appear safe when, in fact, it was a trip hazard.

[4.] Furthermore, it is my understanding that the City of Taylor knew about this dangerous condition within the sidewalk in excess of two years. It would have been a simple repair for the City to either replace the offending slab of sidewalk and/or other type of repair to eliminate the trip hazard.

We conclude that plaintiff's proffered evidence, including the expert's affidavit, sufficed to rebut the statutory inference that defendant's sidewalk was in reasonable repair when plaintiff fell. The Dziurman affidavit set forth specific facts and drew reasonable expert conclusions based on those particular facts. Cf. *Jubenville v West End Cartage, Inc*, 163 Mich App 199, 207; 413 NW2d 705 (1987). It is well settled that this Court may not assess credibility or weigh competing facts when reviewing a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). Because the Dziurman affidavit tended to rebut the statutory inference that defendant maintained its sidewalk in reasonable repair, the affidavit created a jury-submissible question of fact.

The Legislature selected the term "rebuttable inference," and was surely aware of the definitional distinction between "inferences" and "presumptions" when it enacted the statute at issue in this case. *Advisory Opinion on Constitutionality of 1975 PA 227 (Questions 2-10)*, 396 Mich 465, 480 n 8; 242 NW2d 3 (1976); *People v Endres*, 269 Mich App 414, 419; 711 NW2d 398 (2006). We must remain faithful to the policy choice made by the Legislature and may not substitute an evidentiary standard of our own creation. We therefore decline the invitation to transform the statutory rebuttable inference into a virtually conclusive presumption. In MCL 691.1402a(2), the Legislature plainly required only that a plaintiff rebut an *inference* of reasonable maintenance. Plaintiff presented evidence that the longstanding sidewalk defect was known to defendant, that it created a teeter totter effect, and that its unique physical properties made it difficult to observe. This evidence sufficiently rebutted the statutory inference that defendant maintained its sidewalk in reasonable repair. Consequently, the circuit court properly denied defendant's motion for summary disposition on this ground.[4]

Affirmed.

---

[4] We note that the open-and-obvious-danger doctrine is inapplicable on the facts of this case. See *Jones v Enertel, Inc*, 467 Mich 266, 270; 650 NW2d 334 (2002) (observing that MCL 691.1403 "contemplates that a city may, in appropriate circumstances, be held liable for defects in a highway that are 'readily apparent to an ordinarily observant person'—or in other words, are open and obvious").