*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEXANDER CURTIS SALOWICH,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2019

No. 335404
Gladwin Circuit Court
LC No. 15-008311-FH
         15-008315-FH
         15-008316-FH

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying his Motion to Correct Invalid Sentence. Defendant was convicted by his plea of guilty to two counts of second-degree home invasion, MCL 750.110a(3), and one count of first-degree home invasion, MCL 750.110a(2). He was sentenced to 120 months to 15 years in prison for each of the second-degree home invasion convictions and 130 months to 20 years for the first-degree home invasion conviction. Defendant filed a delayed application for leave to appeal and this Court denied leave "for lack of merit in the grounds presented."[1] Defendant then filed an application for leave to our Supreme Court that resulted in a remand to this Court for consideration as on leave granted.[2] This Court remanded the case to the trial court for a determination of indigency and, if established, the appointment of an attorney.[3] On remand, counsel filed a Motion to Correct Invalid Sentence that was denied. We affirm defendant's convictions but remand for resentencing in accordance with this opinion.

---

[1] *People v Salowich*, unpublished order of the Court of Appeals, entered December 8, 2016 (Docket No. 335404).

[2] *People v Salowich*, 501 Mich 943 (2017).

[3] *People v Salowich*, unpublished order of the Court of Appeals, entered January 17, 2018 (Docket No. 335404).

## I. BACKGROUND

Defendant's convictions arose from three home invasions that took place in Butnam Township between September 5 and October 17, 2015. On November 25, 2015, the police were investigating a reported breaking and entering and were able to follow tracks in the frost from the location of the break-in to defendant's father's home. Once there, an officer received verbal consent from defendant's father to search the residence. According to the Presentence Investigation Report (PSIR),

> Deputy Guild located a white male subject in a closet covered up in clothes attempting to hide. Guild gave the subject loud verbal commands to show his hands and come out of the closet. The man refused to show his hands and he was drive stunned with a taser to gain compliance. The man allowed himself to be handcuffed. He was identified as [defendant].

At sentencing defendant's score for Offense Variable (OV) 19, which relates to the "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services," MCL 777.49, was 15 points. Defendant later challenged the scoring in the trial court on remand from this Court. Defendant argued that OV 19 should be scored 10 points and not 15 where he admitted he interfered with the administration of justice by failing to obey the officer's command, but denied that the same failure constituted a threat of force against the officer. The trial court disagreed and found the scoring of 15 points to be appropriate:

> I think the prosecutor acknowledges, and the Court certainly does not see this as a situation where defendant [] used force. However, the guidelines author—authorize, and say that 15 points should be awarded if the defendant either used force, or the threat of force, against the administration of justice. In this case, the arresting officers.
>
> And when I look to Webster's dictionary, the definition of threat, as in threat of force, a threat is, "One, an expression of an intention to inflict something harmful. Two, an indication of impending danger or harm. Three, one regarded as a possible danger."
>
> And when I look to this, nothing can be more stressful—something can always be more stressful, than this, there's no doubt about that. But, when a law enforcement officer tells a suspect, show me your hands, clearly what they are saying, is, I see you as a threat. I suspect you might have a weapon, and if you have a weapon and it's in your hands, you could kill or injure me or some other innocent person. I perceive you as a threat, show me your hands.
>
> And what could be more threatening in that scenario, for the defendant not to show his hands? I guess the only more threatening thing would be for him to pull out his hand and have a gun in it. Or a knife, or some other weapon.

-2-

But why would the scenario, that everybody agrees happened here, which is, for purposes of sentencing, everybody agreed. The officers went into the house of the defendant's father, they located the defendant, hiding in a closet. They order the defendant to come out, and before they even ordered him to come out, they ordered him to show them their [sic] hands. And he did not do so.

Why would that not be an indication of impending danger or harm, or a possible danger? As defined in numbers two and three of Webster's.

* * *

I believe that the defendant and his action, or his tacit refusal to show his hands, did, in fact, constitute a threat of force.

Whether it turned out later that he did not, in fact, have a weapon on him, with which he could carry out the action or not, with which he could carry out a lethal threat or not. That there was at least, quote, "an indication of impending danger or harm," unquote, and that the defendant was one that, quote, that should be, quote, "regarded as a possible danger," unquote, in that scenario.

* * *

I was only going to indicate that, in this Court's view, there's a big difference between—it depends in part on what is the direction that's being given, or the order that's being given, that the individual is ignoring[.]

If the officer orders me, give me your driver's license and proof of insurance, and I sit there and I don't provide it, and, but I make no threatening move whatsoever, then under that scenario, perhaps it would be ten points [for otherwise interfering or attempting to interfere with the administration of justice], under OV 19. Because I'm, under your analysis, I'm obstructing the police officer, but I'm not posing a threat. I'm not using force or the threat of force.

In the context of show me your hands, implied in that is, show me your hands for what purpose? It's not show me your hands so I can check to see if you need a pedicure, or a manicure, pardon me. Let me see if you need a manicure. It's show me your hands so I can tell whether you're a threat to me or not.

And in that case, inaction does, in this Court's view, pose a threat of force. Even though actual force is not being employed.

* * *

. . .under the definition of threat, I do think that 15 points were properly awarded, and in that regard, in the absence of a specialized definition of what threat means,

-3-

for purposes of the offense variables in general, and OV 19 in particular, the Court falls back on common understanding and dictionary definition.

Defendant challenges this scoring decision on appeal.

## II. STANDARD OF REVIEW

"The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*, involve legal questions that are reviewed de novo." *People v Smith*, 488 Mich 193, 198; 793 NW2d 666 (2010). The trial court's factual findings are reviewed for clear error and those findings must be supported by a preponderance of the evidence. *People v Dickinson*, 321 Mich App 1, 20-21; 909 NW2d 815 (2017), lv den 501 Mich 1031 (2018). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted). A preponderance of the evidence is "such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). We review de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute...." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "When calculating scores under the sentencing guidelines, a trial court may consider all the evidence in the trial court record." *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002).

## III. ANALYSIS

Defendant claims that 15 points were incorrectly assessed for OV 19 and that only 10 points should have been assessed. We agree.

MCL 777.49, the statute covering OV 19, provides in relevant part:

Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

\* \* \*

(b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in interference with the administration of justice or the rendering of emergency services                                          15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice                                          10 points

"Interference with the administration of justice" has been determined to mean, "to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). As this Court observed in *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." By hiding in a closet underneath a pile of clothing and refusing the lawful order of the police to show his hands, defendant was clearly seeking to avoid being caught and therefore was interfering with the administration of justice. See *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016) (holding that hiding from police constitutes an interference with the administration of justice). Defendant acknowledges this much because he agrees that the trial court could have assessed 10 points under MCL 777.49(c) for interfering or attempting to interfere with the administration of justice.

MCL 777.49(b) further penalizes for the interference with the administration of justice by either a defendant's use of force or threat of force against a person or property. The "use of force" is not implicated by the factual circumstances here. Defendant's disagreement is with the court's assessment of 15 points under MCL 777.49(b) for its interpretation of his failure to show his hands as a threat of force against the police when they arrested him. Our case law has yet to define "threat of force" in the context of OV 19. This Court has previously affirmed the assessment of 15 points for a defendant's verbal threat of force to kill a victim to prevent that victim from reporting a crime and in another case, where the defendant threatened to kill the primary witness against him. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011); *People v Endres*, 269 Mich App 414, 420–422; 711 NW2d 398 (2006). We acknowledge that threats need not always be verbal; nonetheless, they are communications requiring some type of overt action. Our interpretations of MCL 777.49(b) thus far have rightly focused on the defendant's conduct when analyzing whether there was a threat of force, and not on the perception of the receiver.

Application and scoring of offense variables is on a case-by-case basis. We have affirmed the assessment of 10 points on occasions where the defendant fled from the police contrary to an order to freeze, provided a false name to police, attempted to hide a weapon, told others to lie about the defendant's whereabouts, and told others not to disclose acts because the defendant would go to jail. *People v Ratcliff*, 299 Mich App 625, 633; 831 NW2d 474, vacated in part on other grounds 495 Mich 876; 838 NW2d 687 (2013); *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004); *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010); *People v Steele*, 283 Mich App 472, 492; 769 NW2d 256 (2009). Here, defendant failed to obey an order to show his hands while hiding under a pile of clothes. We see this circumstance as a continued attempt to avoid detection and not a threat of force against law enforcement. The defendant here disobeyed a command, and while that was frustrating to his apprehension, it was not a threat of force.

Defendant's total OV score was 50 points; together with his 40-point Prior Record Variable score, defendant's scores placed him in the D-V grid with an advisory minimum sentence range of 78 to 130 months. The correction of the score for OV 19 from 15 points to 10 points changes defendant's OV level to 45 points, sentencing grid to D-IV, and sentencing guidelines range to 72 to 120 months. Accordingly, resentencing is required. MCL 769.34(10); *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

We affirm defendant's conviction and remand for resentencing in accordance with this opinion.  We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra