PEOPLE v COOK

Docket Nos. 230317, 237510. Submitted July 9, 2002, at Detroit. Decided
    January 3, 2003, at 9:10 A.M.

> Clarence L. Cook, in the Oakland Circuit Court, David F. Breck, J.,
> pleaded guilty of receiving and concealing stolen property and driv-
> ing while his license was suspended and was convicted by a jury of
> assault with intent to commit great bodily harm less than murder,
> fleeing and eluding, carrying a concealed weapon, and two counts
> of possession of a firearm during the commission of a felony. After
> sentencing, the defendant moved for a resentencing, contending
> that the sentencing judge improperly scored ten points under
> offense variable (OV) 19 of the sentencing guidelines, interference
> or attempted interference with the administration of justice, MCL
> 777.49, for the sentence for the assault conviction after points had
> been scored for OV 19 for the sentence for the conviction of fleeing
> and eluding. The court, Edward Sosnick, J., rejected the challenge
> in resentencing the defendant. The defendant filed two appeals,
> which the Court of Appeals consolidated.
>
> The Court of Appeals *held*:
>
> MCL 777.12, which requires a separate sentence calculation for
> each offense, does not restrict the sentencing court's ability to con-
> sider the defendant's flight from the police in calculating his sen-
> tence range for the assault conviction even if the flight from the
> police did not occur during the assault. The Legislature could have
> expressly prohibited sentencing courts from considering facts perti-
> nent to the calculation of the sentencing guidelines range for one
> offense in the calculation of the sentencing guidelines range for
> another offense. However, the Legislature did not do so. Where the
> crimes involved constitute one continuum of conduct, it is logical
> and reasonable to consider the entirety of the defendant's conduct
> in calculating the sentencing guidelines range with respect to each
> offense.
>
> Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Pros-ecuting Attorney, *Joyce F. Todd*, Chief, Appellate Divi-

sion, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*Hoare and Lyda* (by *James J. Hoare*) for the defendant on appeal.

Before: GAGE, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM. Defendant appeals as of right the sentences imposed for his convictions following a jury trial of assault with intent to commit great bodily harm less than murder, MCL 750.84; fleeing and eluding, MCL 750.479a(3); carrying a concealed weapon, MCL 750.227; and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; and appeals his sentences for receiving and concealing stolen property, MCL 750.535(1), (4)(a); and driving while his license was suspended, MCL 257.904(1), (3)(b); charges to which he pleaded guilty before trial. He also appealed the rejection of his challenge to the scoring of certain offense variables at resentencing. The appeals were consolidated. We affirm.

## I. FACTS AND PROCEEDINGS

On November 21, 1999, defendant's former girlfriend, Fakela Henry, and her new boyfriend, Lorenzo Aikins, were sitting in Aikins' car in an apartment complex parking lot in Southfield. Defendant drove up in a blue Caprice, got out of the car, hit the passenger side window of Aikins' car, and then fired several shots into the car. Defendant wounded Henry, who was sitting in the front passenger's seat. Aikins drove off, and defendant followed in the Caprice. Aikens called 911 on his cellular phone and asked the

dispatcher for directions to the hospital. By this point, Aikens had noticed that defendant was following him.

The 911 dispatcher instructed Aikens to pull over, which he did, and defendant pulled up next to him and asked if Henry had been shot. After learning that Henry was injured, defendant offered to lead Aikens to the hospital. When defendant noticed that police officers were driving toward them, however, he sped away.

Southfield Police Officer Kossel James responded to the scene and saw defendant driving rapidly on southbound Northwestern Highway. He pursued defendant and activated his lights and siren, but defendant picked up speed and eventually exited Northwestern Highway at Seven Mile Road. Defendant drove past a red light at the end of the exit ramp, drove on the sidewalk around the stopped vehicles that blocked the traffic lanes, knocked down a crosswalk signal pole, and continued driving. Eventually, defendant turned onto Strathmoor, lost control of the Caprice, and drove the car into the front porch of a house. Defendant got out of the car, and a foot chase ensued, but defendant was subsequently apprehended. Several squad cars from the Southfield and Detroit Police Departments participated in the pursuit of defendant that day.

On August 8, 2000, defendant pleaded guilty of receiving and concealing stolen property and driving while his license was suspended. On August 11, 2000, he was convicted by a jury of assault with intent to commit great bodily harm, fleeing and eluding, carrying a concealed weapon, and two counts of felony-firearm. The trial court sentenced defendant on

August 31, 2000, to fifty-seven months' to ten years' imprisonment for assault with intent to do great bodily harm, twenty-three months to five years for fleeing and eluding, twenty-three months to five years for carrying a concealed weapon, one to five years for receiving and concealing stolen property, 283 days for driving while his license was suspended, and two years for each felony-firearm conviction.

Subsequently, defendant filed a motion for resentencing, challenging the trial court's scoring of ten points for offense variable (OV) 19, MCL 777.49, in calculating defendant's sentence for assault with intent to do great bodily harm. Defendant concedes that his conduct in evading the police appropriately forms the basis for the trial court's allocation of ten points under OV 19 in connection with his sentence for the fleeing and eluding conviction. However, defendant challenges the use of his conduct in fleeing the police to score ten points under OV 19 in order to calculate his sentence for assault with intent to do great bodily harm.

## II. STANDARD OF REVIEW

This Court reviews de novo the application of the statutory sentencing guidelines. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001).

## III. ANALYSIS

Defendant claims that the trial court erred in scoring ten points for OV 19 in calculating his sentence for assault with intent to do great bodily harm. MCL 777.49 states:

Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

\* \* \*

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice . . . 10 points[.]

Whether conduct resulting in the conviction of one crime and thus used in calculating the sentence guidelines range for that crime may also be used in calculating the sentence guidelines range for a separate but contemporaneous offense is a matter of statutory interpretation and therefore is a question of law that we review de novo. *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 469; 628 NW2d 577 (2001), citing *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

As our Supreme Court stated in *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001):

"In considering a question of statutory construction, this Court begins by examining the language of the statute. We read the statutory language in context to determine whether ambiguity exists. If the language is unambiguous, judicial construction is precluded. We enforce an unambiguous statute as written. Where ambiguity exists, however, this Court seeks to effectuate the Legislature's intent through a reasonable construction, considering the purpose of the statute and the object sought to be accomplished." [Citations omitted.]

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used, *Phillips v Jordan,* 241 Mich App 17, 22, n 1; 614 NW2d 183 (2000), citing *Western Michigan Univ Bd of Control v Michigan,* 455 Mich 531, 539; 565 NW2d 828 (1997), and if a term is not expressly defined in the statute, it is permissible for this Court to consult dictionary definitions in order to aid in construing the term "in accordance with [its] ordinary and generally accepted meaning[]." *People v Morey,* 461 Mich 325, 330; 603 NW2d 250 (1999), citing *Oakland Co, supra* at 604. Further, the language must be applied as written, *Camden v Kaufman,* 240 Mich App 389, 394; 613 NW2d 335 (2000); *Ahearn v Bloomfield Charter Twp,* 235 Mich App 486, 498; 597 NW2d 858 (1999), and nothing should be read into a statute that is not within the manifest intent of the Legislature as indicated by the act itself. *In re S R, supra* at 314. [*People v Lange,* 251 Mich App 247, 253-254; 650 NW2d 691 (2002).]

Defendant argues that MCL 777.21(2)[1] requires a separate sentence calculation for each offense and thus does not permit conduct pertinent to the commission of one offense to be used in calculating the sentence guidelines range for an entirely separate offense. Thus, defendant argues that MCL 777.21(2) restricts the trial court's ability to consider his flight from the police in calculating his sentencing guidelines range for his assault conviction because his flight from the police did not occur during the assault. We disagree.

The limitation suggested by defendant is not found in the plain language of the statute. "Nothing may be read into [a] statute that is not within the manifest

---

[1] MCL 777.21(2) states, "If the defendant was convicted of multiple offenses, subject to section 14 of chapter IX, score each offense as provided in this part."

intent of the Legislature as gathered from the act itself." *In re Juvenile Commitment Costs*, 240 Mich App 420, 427; 613 NW2d 348 (2000), citing *In re S R*, *supra* at 314; *Lange, supra* at 254. In drafting the sentencing guidelines scoring instructions, the Legislature could have expressly prohibited sentencing courts from considering facts pertinent to the calculation of the sentencing guidelines range for one offense from being also used to calculate the sentence guidelines range for another offense, but it did not do so. Moreover, where the Legislature has not precluded it, we find that where the crimes involved constitute one continuum of conduct, as here, it is logical and reasonable to consider the entirety of defendant's conduct in calculating the sentencing guideline range with respect to each offense. Thus, the trial court did not err in scoring ten points under OV 19 for defendant's assault conviction.

Affirmed.