PEOPLE v RATCLIFF

Docket No. 303950. Submitted January 15, 2013, at Detroit. Decided March 5, 2013, at 9:00 a.m. Leave to appeal sought.

Anthony D. Ratcliff was convicted after a bench trial in the Wayne Circuit Court, Michael M. Hathaway, J., of armed robbery, MCL 750.529; carjacking, MCL 750.529b; and possessing a firearm during the commission of a felony, MCL 750.227b, in connection with an armed robbery by two men of a store in Detroit. Defendant appealed his convictions and sentence.

The Court of Appeals *held*:

1. There was sufficient evidence to support defendant's convictions. Defendant's argument on appeal was based on the store owner's uncertainty that a photograph of defendant depicted one of the two robbers, his concession that a photograph of a similar-looking man might have depicted the unidentified robber instead, and his statement that the robber was in his twenties while defendant was only 17. However, viewing the evidence in the light most favorable to the prosecution, a trier of fact could have found the elements of the charged crimes proved beyond a reasonable doubt given that the store owner had readily identified defendant at a corporeal lineup, the discrepancy between the store owner's estimate and defendant's actual age was not great, and the police saw defendant in the stolen vehicle with the second robber within hours of the robbery. Defendant's unpreserved argument that his convictions were against the great weight of the evidence does not require reversal because, although some of the claims made by defendant's witnesses were plausible, the trial court did not clearly err by finding that the witnesses were not credible given the inconsistencies in their testimony.

2. Defendant was not denied the effective assistance of counsel on the ground that his attorney had been assigned only moments before the preliminary examination. The record indicates that counsel had in fact been appointed two weeks previously and effectively cross-examined and recross-examined the prosecution's lone witness, and defendant has not shown that his attorney otherwise committed errors serious enough to have violated his constitutional right to counsel.

3. The court properly assessed 10 points for offense variable 19 pursuant to MCL 777.49(c) for interfering with or attempting to interfere with the administration of justice on the basis of his decision to flee on foot after the stolen car he was riding in was pulled over by the police. Although defendant could not be faulted for the driver's decision to drive away rather than heeding the police officers' order to "freeze," defendant was aware that, as an occupant of the vehicle, he was also under an order to refrain from moving.

Affirmed.

Sentencing — Sentencing Guidelines — Offense Variable 19 — Interference with the Administration of Justice — Fleeing and Eluding.

A sentencing court may assess 10 points for offense variable 19 pursuant to MCL 777.49(c) for interfering with or attempting to interfere with the administration of justice on the basis of an offender's decision to flee on foot from a vehicle whose occupants had been ordered by the police to refrain from moving.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Rebekah G. White* and *Erin Leigh Birkam*, Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Gail Rodwan*) and Anthony D. Ratcliff, *in propria persona*, for defendant.

Before: Ronayne Krause, P.J., and Cavanagh and Boonstra, JJ.

Ronayne Krause, J. Defendant appeals as of right his bench trial convictions for armed robbery, MCL 750.529, carjacking, MCL 750.529a, and possession of a firearm during the commission of a felony, MCL 750.227b. We affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

This matter arises out of an armed robbery committed by two men, one of whom brandished a handgun, in

a store in Detroit. One of the men, by his own admission, was Jaymel Ward. The men took money, jewelry, and a car belonging to a former store employee who happened to be present. The owner reported the robbery and carjacking to the police. Later that evening, the police saw a vehicle matching the stolen car's description and attempted to pull it over. Ward, the driver, instead accelerated; eventually Ward and defendant, who was in the passenger seat, jumped out of the car and attempted to flee on foot. Ward attempted to dispose of a handgun while in the process of fleeing. Both were quickly apprehended. Another gun was found inside the car. The store owner later unhesitatingly identified defendant as the man who had brandished the gun.

Ward had pleaded guilty in a separate juvenile proceeding before trial, but in his testimony at this trial, he insisted that a third person had been in the car during the chase and was the true second perpetrator of the robbery. Defendant asserted that he was uninvolved in the crimes and had been picked up by Ward some time after the robbery. The third person was identified as going by various different names, including Javonte Malone, Kevin Johnson, "Victor," and "Tank." According to witnesses, Malone and defendant looked extremely similar, and in support, they provided photographs printed from Malone's Facebook page, which was no longer available at the time of trial. The photographs have not been provided to this Court. The officers who pursued the stolen vehicle testified that they never lost sight of the vehicle and did not see a third person in the car or exit the car. Apparently, Malone could not be located, and defendant's witnesses did not bring his claimed involvement to the attention of the authorities.

The trial court concluded that defendant's proffered alibi testimony contained too many significant internal contradictions to be believable. The robbery itself was undisputed. The trial court therefore concluded that because defendant had been unequivocally identified by one of the victims and, in what was unlikely to be a coincidence, was later found in the stolen car fleeing from the police, his identity as the perpetrator had been proven beyond a reasonable doubt. The trial court therefore convicted defendant.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that insufficient evidence was presented to support his convictions. We disagree. This Court will find the evidence sufficient to uphold a conviction if, when viewing it in the light most favorable to the prosecution, a trier of fact could have found the elements of the charged crime proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Witness credibility is for the trier of fact—the trial judge, in a bench trial—to decide. *People v Jackson*, 178 Mich App 62, 64-65; 443 NW2d 423 (1989). The trial court's findings of fact will be affirmed unless they are clearly erroneous, meaning we are " 'left with a definite and firm conviction that the trial court made a mistake.' " *Reese*, 491 Mich at 139 (citation omitted).

Defendant argues specifically that the only evidence that defendant was the second robber was the store owner's identification. Defendant relies significantly on the owner's uncertainty regarding whether a photograph of defendant that he was shown at trial was the robber, as well as the owner's concession that the photograph of Malone could also have depicted the robber. However, the owner pointed out that photo-

graphs were more limited than real life, and he further stated that his identification of defendant as the robber at a corporeal lineup was partly because of a characteristic hand-twitching movement that he observed the robber and defendant make. The owner also indicated to the police that the robber appeared to be in his twenties, whereas defendant was 17. Given the scope of human diversity, we are not persuaded by the unsupported implication that it should be readily possible for most people to accurately guess the age of another person—at least, one who is neither obviously a child nor obviously a senior—with any more precision than a decade or so, especially on the basis of a single visual interaction with little context from which an age could otherwise be deduced. Consequently, we disagree with defendant's conclusion that the store owner's identification was inherently unreliable or implausible.

Moreover, the store owner's identification was not the only evidence supporting defendant's identity as the second robber. The police observed defendant in the stolen vehicle with Ward mere hours after the robbery and carjacking, defendant fled from the police, the police recovered from the passenger seat of the stolen car a handgun that was consistent with Harris' description of defendant's handgun, and no other person was observed to be present or identified as the allegedly true perpetrator at the time. While not direct proof, a fair and permissible inference can be drawn from these facts that strongly supports the store owner's identification of defendant as the second robber. When viewed in the light most favorable to the prosecution, a trier of fact could find defendant's identity as the second robber proven beyond a reasonable doubt, and we are not definitely and firmly convinced that the trial court made a mistake.

For, in part, the same reasons, we also conclude that defendant's convictions were not against the great weight of the evidence. Our review of this issue would ordinarily be to determine whether the evidence is so heavily opposed to the verdict that the verdict can be said to be a miscarriage of justice, but because the issue was not properly preserved, we review for plain error affecting defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011). Generally, conflicting testimony or issues of witness credibility are not sufficient grounds to find a verdict against the great weight of the evidence unless challenged testimony is almost completely unbelievable, for example because it was seriously impeached or clearly defied known physical possibilities. *People v Lemmon*, 456 Mich 625, 643-644, 647; 576 NW2d 129 (1998). Although we find plausible defendant's witnesses' claims that they did attempt to inform the authorities about Malone, the trial court did not commit clear error in finding their inconsistent testimony so "riddled with conflicts and implausibilities" that they could not be deemed credible. Accordingly, because there was no plain error affecting defendant's substantial rights, reversal is not warranted.

### III. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he was denied his right to counsel under *United States v Cronic*, 466 US 648, 659-662; 104 S Ct 2039; 80 L Ed 2d 657 (1984), because his trial counsel was assigned "just moments" before his preliminary examination. We disagree.

Because defendant did not move the trial court for a new trial on this basis and did not move for a *Ginther*[1]

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

hearing, this issue is unpreserved. *People v Musser*, 259 Mich App 215, 218, 220-221; 673 NW2d 800 (2003). Our review is therefore limited to plain errors apparent from the record. *People v Snider*, 239 Mich App 393, 420, 423; 608 NW2d 502 (2000). The record simply does not show that counsel was appointed "just moments" before defendant's preliminary examination; rather, counsel had been appointed approximately two weeks previously. Furthermore, counsel effectively cross-examined and recross-examined the prosecution's lone witness at the preliminary examination. A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has not done so.

In any event, defendant was not completely denied the assistance of counsel at a critical stage of the proceedings and defense counsel did not "entirely fail[] to subject the prosecution's case to meaningful adversarial testing . . . ." *Cronic*, 466 US at 659; see also *People v Frazier*, 478 Mich 231, 243, 243 n 10; 733 NW2d 713 (2007). Moreover, nothing in the record indicates that this is one of the rare cases in which "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Cronic*, 466 US at 659-660; see also *People v Mitchell*, 454 Mich 145, 155; 560 NW2d 600 (1997). Otherwise, defendant has not shown that his trial counsel committed "errors so serious" that counsel's performance fell below the level guaranteed by the Sixth Amendment and that there is "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884

(2001), citing *Strickland v Washington*, 466 US 668, 687, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

### IV. OV 19

Defendant finally argues that the trial court erred by scoring offense variable (OV) 19 at 10 points instead of zero points. We conclude that the trial court reached the correct result. "Scoring decisions for which there is any evidence in support will be upheld." *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006). "However, we review de novo questions of law involving the proper construction or application of the statutory sentencing guidelines." *People v Jamison*, 292 Mich App 440, 443; 807 NW2d 427 (2011).

Under OV 19, the trial court must "assess ten points if '[t]he offender otherwise interfered with or attempted to interfere with the administration of justice[.]' " *People v Ericksen*, 288 Mich App 192, 203; 793 NW2d 120 (2010), quoting MCL 777.49(c). The "interference with the administration of justice" contemplated is broad and can include activities that (1) do not necessarily rise to independently chargeable acts and (2) that affect something other than the judicial process itself. *People v Barbee*, 470 Mich 283, 286-288; 681 NW2d 348 (2004) (interference with the investigation of a crime by providing a false name to the police constitutes conduct for which points can be assessed under OV 19). This Court has held that 10 points were properly assessed under OV 19 against a defendant who refused to pull his car over when a police officer activated his vehicle's lights and sirens and instead attempted to escape, first by car and then on foot. *People v Cook*, 254 Mich App 635, 637, 639-641; 658 NW2d 184 (2003), overruled in part on other grounds *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009).

Fleeing from the police can easily become "interference with the administration of justice" particularly where, as in this case and in *Cook*, there was an effective command for the vehicle to stop, in the form of the police activating their lights and sirens. In addition, defendant testified that, before the vehicle chase began, officers approached the stolen car and said "Freeze." Ward then drove away. While this was not a direct order to defendant specifically and exclusively, it was unambiguously an order directed at the occupants of the vehicle. Defendant obviously cannot be faulted for Ward's decision to disregard the order, but defendant nevertheless knew at that point that *he* was under an order to refrain from moving. He instead fled on foot after the vehicle came to a stop.

Defendant fled from the police contrary to an order to freeze. Doing so is sufficient to warrant assessing 10 points for OV 19. The trial court's scoring of the sentencing guidelines, and consequently defendant's sentence, are therefore proper.

Affirmed.

CAVANAGH and BOONSTRA, JJ., concurred with RONAYNE KRAUSE, P.J.