# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMACENO RICHARD ABREGO,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320973
Ionia Circuit Court
LC No. 2013-015796-FH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals by leave granted his sentence for Second-Offense Operating While Intoxicated (OWI-2nd), MCL 257.625(7)(a)(ii) (occupant under age 16); and Possession of Marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant to two to five years' imprisonment for OWI-2nd, and 12 months for possession of marijuana. On appeal, defendant does not challenge his convictions, but instead asserts only that he is entitled to resentencing due to the trial court's error in scoring offense variables (OV) 8 and 19. Because the trial court clearly erred in the scoring of OV 8, we vacate defendant's sentence and remand for resentencing under properly scored sentencing guidelines.

On June 7, 2013, defendant drove while intoxicated with two children under the age of 16 in his vehicle. In particular, defendant transported his daughter and her half-sister from his home to a video store, and they were driving back to defendant's home when a police officer activated his emergency lights as a signal for defendant to stop his vehicle. Defendant did not stop. After the officer activated his siren, defendant activated his vehicle's turn signal, but did not pull over. The officer then turned his siren off, but defendant continued driving. When the officer reactivated his siren, defendant finally stopped. Defendant's blood alcohol level was .14, over the legal limit of .08 as set forth in MCL 257.625(1)(b). Defendant also had marijuana in his possession. Defendant pled guilty to OWI-2nd and possession of marijuana, pursuant to a plea offer involving a *Killebrew*[1] cap of one year in jail and dismissal of a second count of OWI involving an occupant under 16, as well as dismissal of a charge of driving with a suspended

---

[1] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

license. Defendant later lost the benefit of this agreement when he violated his bond terms. The trial court sentenced defendant as noted above.

On appeal, defendant challenges the trial court's assessment of 15 points for OV 8 and 10 points for OV 19 for his OWI-2nd count. Specifically, defendant maintains on appeal that OV 8 should not have been scored because defendant did not use force to move the children and because he was transporting the children to his home which was not a place of "greater danger." Defendant also argues that OV 19 should not have been scored because defendant's failure to pull over was not an effort to flee from police; rather, because defendant was inebriated, he claims his reaction times were slowed and consequently there was an unintended delay in his efforts to find a safe place to stop.

Defendant objected to the scoring of OV 8 and OV 19 at sentencing, and thus preserved his claims for appeal. MCR 6.429(C); *People v Gibbs*, 299 Mich App 473, 491; 830 NW2d 821 (2013). We review the trial court's factual determinations for clear error and its determinations regarding the scoring of sentencing variables must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

In this case, it is defendant's contention that both OV 8 and OV 19 should have been scored at zero points. As currently scored, defendant's total OV score is 45 points, resulting in an OV level of IV under the minimum sentence ranges for a class E offense. See MCL 777.12f; MCL 777.66. An error in the scoring of either one of the challenged variables would reduce defendant's OV level to III, and if both variables were scored incorrectly defendant's OV level would be II. See MCL 777.66. Thus, an incorrect scoring of one or both variables would alter defendant's minimum recommended sentence under the legislative sentencing guidelines and entitle defendant to resentencing. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

OV 8 accounts for victim asportation or captivity, and MCL 777.38(1)(a) directs trial courts to assess 15 points where "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." For purposes of scoring OV 8, "each person who was placed in danger of injury or loss of life" should be counted "as a victim." MCL 777.38(2)(a). Contrary to defendant's arguments on appeal, asportation "can be accomplished without the employment of force against the victim," *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003), and "may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger[,]" *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013). Moreover, contrary to defendant's arguments, it is clear, that, by moving the children to his vehicle, which defendant then operated while intoxicated, defendant placed the children in a "situation of greater danger" than the situation they faced in the relative safety of defendant's home or the video store.

Nonetheless, we are persuaded, albeit for reasons not discussed by defendant on appeal, that the trial court clearly erred in scoring OV 8. In particular, to score "asportation" under MCL

777.38, this Court has held there must be "some movement" of a victim that is "not merely incidental to committing an underlying offense." *Spanke*, 254 Mich App at 647. See, e.g., *People v Thompson*, 488 Mich 888; 788 NW2d 677 (2010) (finding that movement of a victim to the bedroom where a sexual assault occurred was incidental to the crime). In this case, the offense at issue involved operation of a motor vehicle while intoxicated with an occupant under the age of 16 in the vehicle. MCL 257.625(7)(a)(ii). Thus, movement of the victims to defendant's vehicle and thereafter defendant's transportation of the victims in the vehicle was incidental to his commission of the underlying offense of OWI-2nd involving an occupant under age 16. Consequently, movement of the children in this case cannot constitute "asportation" for purposes of scoring OV 8, and the trial court thus clearly erred by considering asportation as a basis for assessing 15 points.[2] OV 8 should have been scored at zero points. MCL 777.38(1)(b).

In reaching our conclusion, we disagree with the prosecutor's assertion that OV 8 could be scored at 15 points because the movement of the children continued for longer than was necessary to commit the offense. In making this argument, the prosecution analogizes to *People v Chelmicki*, 305 Mich App 58, 70; 850 NW2d 612 (2014). In that case, this Court concluded that a defendant could be scored under OV 8 for holding a victim captive in relation to the commission of unlawful imprisonment because unlawful imprisonment occurs "when the victim is held for even a moment" and the restraint on the victim for more than a moment thus constituted captivity for "longer than the time necessary to commit the offense of unlawful imprisonment." *Id.* However, in likening the present movement of the children to the captivity in *Chelmicki*, the prosecution ignores the distinction between captivity and asportation expressed in the plain language of MCL 777.38(1)(a), which indicates that OV 8 should be scored when a victim "was asported to another place of greater danger or to a situation of greater danger or was held captive *beyond the time necessary to commit the offense*." (Emphasis added). Under the last antecedent rule,[3] "beyond the time necessary to commit the offense" modifies only the phrase "held captive." See generally *Chelmicki*, 305 Mich App at 70. It follows that captivity beyond the time necessary to commit an offense should be scored under OV 8 as described in *Chelmicki*, but that whether defendant can be scored for asportation of the children is not necessarily dependant on whether the movement continued for a longer time than necessary to commit OWI-2nd involving an occupant under 16. Instead, as discussed, for purposes of defining asportation

---

[2] In particular, the trial court scored OV 8 based on the conclusion that "every inch" the vehicle moved placed the children in "greater and greater" danger because there was a "drinking and driving person behind the wheel." The trial court further reasoned that the danger to the children escalated when the police tried to stop defendant and he initially refused to stop the vehicle. On appeal, neither party provides much analysis of the trial court's reasoning. We see no reason to discuss the trial court's rationale in further detail, but note merely that, like the parties, the trial court failed to acknowledge that any movement of the children was incidental to the underlying offense and that incidental asportation cannot be scored under OV 8.

[3] Under the 'last antecedent' rule, a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent unless something in the statute requires a different interpretation." *People v Brantley*, 296 Mich App 546, 557; 823 NW2d 290 (2012).

relative to OV 8, "the only requirement for establishing asportation is that the movement not be incidental to committing an underlying offense." *Spanke*, 254 Mich App at 647.

We likewise disagree with the prosecution's assertion that defendant's specific transportation of the children from the video store parking lot to the open road involved a "secreting" of the children as described in *Spanke* such that driving from the parking lot to the road may be perceived as "asportation" to a more dangerous location. As a factual matter, we see no indication in the record evidence that the children were less visible while defendant drove on the road as opposed to driving in the parking lot. And, in any event, the danger faced by the children arose from defendant's intoxication while operating a motor vehicle, regardless of where he operated that vehicle, and, in this context, their visibility or lack thereof did not place them at a greater risk of danger. Cf. *Spanke*, 254 Mich App at 648 (finding victim was asported to situation of greater danger when "secreting" of the victim enabled the commission of criminal sexual conduct). In other words, the danger to the children was an inherent part of defendant's conviction under MCL 257.625(7)(a)(ii), and this danger arose once defendant "put the vehicle in motion, or in a position posing a significant risk of causing a collision," and it continued, regardless of the location of the vehicle or the children's visibility, until defendant returned the vehicle "to a position posing no such risk." See *People v Wood*, 450 Mich 399, 405; 538 NW2d 351 (1995). Defendant's operation of the vehicle was, in short, one continuous event and any transportation of the children during this time was merely incidental to defendant's operation of a vehicle occupied by minors. Because any movement of the children in this case was incidental to defendant's commission of OWI-2nd involving an occupant under 16, the trial court clearly erred in scoring OV 8 on the basis of defendant's transportation of the children. Because the proper score of zero points for OV 8 would alter defendant's appropriate legislative sentencing guidelines, he is entitled to be resentenced. See *Francisco*, 474 Mich at 89 n 8.

Regarding OV 19, this variable accounts for interference with the administration of justice. MCL 777.49 directs trial courts to assess 10 points where "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c). Interference with the administration of justice "has broad application" and "encompasses more than just the actual judicial process," embracing "[c]onduct that occurs before criminal charges are filed, acts that constitute obstruction of justice, and acts that do not necessarily rise to the level of a chargeable offense[.]" *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013) (citation omitted). Because police officers are "an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order[,]" interference with a police officer's duties may constitute interference with the administration of justice. *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004). An assessment of 10 points for OV 19 is appropriate where a defendant fails to obey a police officer's order to freeze or pull over. See *People v Ratcliff*, 299 Mich App 625; 831 NW2d 474 (2013), vacated in part on other grounds *People v Ratcliff*, 495 Mich 876; 838 NW2d 687 (2013); *People v Cook*, 254 Mich App 635; 658 NW2d 184 (2003), overruled on other grounds by *People v McGraw*, 484 Mich 120, 133 n 42; 771 NW2d 655 (2009). "Fleeing from police can easily become 'interference with the administration of justice' particularly where . . . there was an effective command for the vehicle to stop, in the form of the police activating their lights and sirens." *Ratcliff*, 299 Mich App at 633.

-4-

In this case, a police officer observed defendant driving erratically, for example, weaving in his lane and crossing the center line. In light of this conduct, the officer gave defendant a lawful and clear signal to pull over, but defendant failed to do so and he thus interfered with the administration of justice. The trial court therefore properly assessed 10 points for OV 19 based on a preponderance of the evidence. Defendant has not shown that the trial court clearly erred, and thus is not entitled to resentencing as a result of the scoring of OV 19.

In sum, the scoring of OV 19 at 10 points was proper, but OV 8 should have been scored at zero points and, because the proper scoring of OV 8 alters defendant's recommended minimum sentencing range under the legislative guidelines, he is entitled to resentencing. See *Francisco*, 474 Mich at 89 n 8.

Vacated and remanded for resentencing. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell