*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 29, 2022

v

RONALD LEWIS KENNEDY,

Defendant-Appellant.

No. 360015
Oakland Circuit Court
LC No. 2013-244509-FC

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

In 2013, a jury convicted defendant of second-degree murder, MCL 750.317, assault with intent to commit murder, MCL 750.83, and domestic violence (third offense), MCL 750.81(4). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 70 to 150 years for the second-degree murder conviction, 40 to 80 years for the assault with intent to commit murder conviction, and 3 to 15 years for the domestic-violence conviction. In a prior appeal, this Court affirmed defendant's convictions and sentences. *People v Kennedy*, unpublished per curiam opinion of the Court of Appeals, issued December 4, 2014 (Docket No. 316985), lv den 497 Mich 1030 (2015). In 2016, defendant filed a motion for relief from judgment, which the trial court denied. This Court denied defendant's delayed application for leave to appeal that decision, *People v Kennedy*, unpublished order of the Court of Appeals, entered August 10, 2016 (Docket No. 333655), lv den 500 Mich 981 (2017). Thereafter, defendant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, which conditionally granted the petition in part and ordered that the case be remanded to the trial court for resentencing.[1] On remand, the trial court resentenced defendant as a fourth-offense habitual offender to an increased term of 80 to 150 years for the second-degree murder conviction, and the previously imposed terms of 40 to 80 years for the assault conviction, and 3 to

---

[1] *Kennedy v Jackson*, opinion of the United States District Court for the Eastern District of Michigan, issued July 14, 2020 (Case No. 2:17-cv-11578).

15 years for the domestic-violence conviction, to be served concurrently. Defendant appeals his sentences as of right. We affirm.

Defendant's convictions arise from the nonfatal stabbing of his wife, Jessica Kennedy, and the fatal stabbing of Jessica's friend, Charles Shiffman, on the evening of December 1, 2012. There was evidence, principally from Shiffman's nephew and Jessica, that defendant and Jessica had a tumultuous relationship. On December 1, 2012, Shiffman's nephew drove Shiffman to the Kennedy house to pick up Jessica. The plan was for Jessica, who had previously informed Shiffman that defendant was abusing her, to come outside and get in the car upon Shiffman's arrival, and they would leave immediately. When Jessica did not come out, Shiffman knocked on the door, defendant answered, the two men briefly spoke, and defendant slammed the door. As Shiffman was walking back toward the car, Jessica ran outside, caught up with Shiffman, and Shiffman urged her to get into the car. Defendant, who was yelling, ran behind Shiffman, grabbed him, and ultimately stabbed him. As Jessica attempted to aid Shiffman, who was in a ditch, defendant stabbed Jessica. In the meantime, Shiffman's nephew had called 911. Defendant and Jessica left in defendant's truck before the police arrived, but he was apprehended by police shortly thereafter. Defendant testified that he acted in self-defense when he stabbed Shiffman, and that he stabbed Jessica during the struggle to "make her feel how it felt like to be stabbed in the back," but he did not intend to kill her. The jury found defendant guilty as charged, rejecting defendant's claim of self-defense.

## I. UNREASONABLE, DISPROPORTIONATE, AND VINDICTIVE SENTENCE

Defendant first argues that his 80-year minimum sentence for second-degree murder is a disproportionate, unreasonable, and vindictive sentence.

### A. UNREASONABLE AND DISPROPORTIONATE SENTENCE

The trial court scored the sentencing guidelines for defendant's conviction of second-degree murder and sentenced defendant to a minimum term of 80 years (960 months), which was within the applicable guidelines range of 315 to 1,050 months.[2] Because the trial court sentenced defendant within the advisory sentencing guidelines range, his sentence need not be reviewed for reasonableness. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). Instead, this Court must affirm the sentence unless there was an error in scoring the guidelines or the trial court relied on inaccurate information. *Id*. at 636, citing MCL 769.34(10) (if a sentence is within the sentencing guidelines range, this Court must affirm the sentence absent a scoring error or reliance on inaccurate information). See also *People v Posey*, 334 Mich App 338, 346; 964 NW2d 862

---

[2] The trial court scored the guidelines for defendant's conviction of second-degree murder, which is a class M2 offense, MCL 777.16p. The trial court's scoring of the guidelines placed defendant in the E-III cell of the applicable sentencing grid, for which the minimum sentence range is 315 to 525 months. MCL 777.61. Because defendant was sentenced as a fourth-offense habitual offender, the upper limit of his range is increased by 100%, MCL 777.21(3)(c), resulting in an enhanced sentencing guidelines range of 315 to 1050 months.

(2020).[3]  Defendant does not argue that the trial court relied on inaccurate information and, as we conclude later, there was no error in the scoring of the sentencing guidelines.  Accordingly, because defendant's minimum sentence for second-degree murder is within the guidelines range, and no constitutional infirmity exists, defendant's sentence must be affirmed.  See *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006).[4]

## B.  VINDICTIVE SENTENCE

Defendant makes a cursory argument that his sentence for second-degree murder, which is a 10-year increase from his original sentence, is vindictive and therefore infringes on his due-process rights.  See *Michigan v Payne*, 412 US 47, 50; 93 S Ct 1966; 36 L Ed 2d 736 (1973).  However, because defendant did not raise this claim below, we review this unpreserved constitutional claim for plain error affecting defendant's substantial rights.  *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

"When a defendant is resentenced by the same judge and the second sentence is longer than the first, there is a presumption of vindictiveness."  *People v Lyons* (*After Remand*), 222 Mich App 319, 323; 564 NW2d 114 (1997).  A presumption of vindictiveness is not invoked, however, "where a second sentence is imposed by a judge other than the judge who imposed the original sentence[.]"  *People v Mazzie*, 429 Mich 29, 33; 413 NW2d 1 (1987).  "Different judges may perceive the same information differently, and to invoke a presumption of vindictiveness because of the fortuitous circumstances of facing one judge or another would make all sentences constitutionally suspect."  *Id*. at 33-34.

As defendant acknowledges, there is no presumption of vindictiveness because he was resentenced by a different judge.  Furthermore, the record belies any retaliatory motivation.  The resentencing judge clearly had different "perceptions, experience, and judgment" than the original sentencing judge, which is precisely what the judge elucidated when explaining the reasons for sentencing defendant.  The judge had thoroughly reviewed the circumstances of the case, including both the original and updated presentence reports, defendant's prior record, defendant's current circumstances, sentencing memorandums and letters submitted to the court, and "issues such as protection of society, punishment, rehabilitation, deterrence."  The judge stated that this case was

---

[3] As the parties observe, in *Posey* the Supreme Court will be addressing (2) whether the requirement in MCL 769.34(10) that the Court of Appeals affirm any sentence within the guidelines range, absent a scoring error or reliance on inaccurate information, is consistent with the Sixth Amendment, the due-process right to appellate review, and *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015); and, if not, (3) whether the appellant's sentence is reasonable and proportionate.  *People v Posey*, 508 Mich 940; 964 NW2d 362 (2021).  Nevertheless, we are bound by existing precedent, and "a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals."  MCR 7.215(C)(2).

[4] Even if we considered defendant's proportionality argument, we would conclude that the trial court more than adequately analyzed the relevant factors and ordered a sentence proportionate to the crime and the offender.

"among the most, if not the most horrific cases that [he] ha[d] dealt with during [his] time as a judge" before explaining at great length the reasons supporting the sentence imposed. After detailing the facts and defendant's troubling and escalating criminal history, the judge stated: "It is *my best judgment* that the appropriate and proportionate . . . sentence in this case is a greater sentence than that imposed by [the original sentencing judge]." (Emphasis added). While defendant relies on the 10-year increase itself, he fails to point to any indication of vindictiveness. The imposition of a greater sentence did not infringe on defendant's due-process rights. Defendant is not entitled to any relief.

## II. INTERMEDIATE SENTENCING

Next, defendant argues that he is entitled to resentencing because there is no reasonable possibility that he will be able to serve his 80-year minimum sentence for second-degree murder within his lifetime, and therefore, the sentence violates the indeterminate sentencing rule in *People v Moore*, 432 Mich 311, 329; 439 NW2d 684 (1989) ("a 'term of years' must be an indeterminate sentence less than life. It must be something that is reasonably possible for a defendant actually to serve."). However, in *People v Merriweather*, 447 Mich 799, 810-811; 527 NW2d 460 (1994), the Court held that the Legislature possessed the power to authorize a term-of-years sentence that is greater than a human lifespan, notwithstanding that such a sentence may be more severe than a life sentence because of the lack of parole eligibility. In *People v Kelly*, 213 Mich App 8, 15; 539 NW2d 538 (1995), we held that *Merriweather* effectively overruled *Moore*, stating:

> The issue in *Moore* and *Merriweather* was the same; the reasoning of the dissent in *Moore* and the majority in *Merriweather* was congruent; and, the same three justices who dissented in *Moore* were joined by a fourth justice to constitute the majority in *Merriweather*. We conclude from this that the holding of *Moore* is overruled by *Merriweather*.

See also *People v Phillips (After Second Remand)*, 227 Mich App 28, 31 n 2; 575 NW2d 784 (1997) ("We note that *Moore* is no longer good law.").

In *People v Lemons*, 454 Mich 234, 257; 562 NW2d 447 (1997), our Supreme Court stated that *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), and *Merriweather*, 447 Mich at 799, which were both decided after *Moore*, provided the standards for reviewing a defendant's sentence. A sentence that falls within the permissible range of sentences "is lawful as long as it meets the requirements of proportionality under *Milbourn*." *Lemons*, 454 Mich at 258. Because *Moore* has been overruled and the current law does not require that "the trial judge tailor every defendant's sentence in relationship to the defendant's age," *id*. at 258, we reject this claim of error.

## III. SCORING OF OFFENSE VARIABLES

Defendant also challenges the trial court's scoring of three of the sentencing guidelines offense variables (OVs). Specifically, he argues that the evidence did not support the trial court's scoring of OV 3 (physical injury to a victim), OV 6 (intent to kill or injure), and OV 19 (interference with the administration of justice).

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (citation omitted).

## A. SCORING OF OV 3

Defendant received a score of 25 points for OV 3, which considers physical injury to a victim. MCL 777.33(1). A score of 25 points is appropriate if a "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Twenty-five points is the correct score for OV 3 if the victim's death resulted from a crime, and homicide was the sentencing offense. *People v Houston*, 473 Mich 399, 407; 702 NW2d 530 (2005). The statute mandates assessment of "the highest number of points possible." *Id.* at 402. Although defendant acknowledges that *Houston* supports the 25 point score for OV 3, he argues that *Houston* was wrongly decided and should be reversed by our Supreme Court. However, this Court must follow decisions by the Supreme Court, including *Houston*, so long as those decisions have not been overruled or superseded. *People v Anthony*, 327 Mich App 24, 44; 932 NW2d 202 (2019) (citations omitted), superseded by statute as stated in *People v Armstrong*, ___ Mich App ___; ___ NW2d ___ (2013) (Docket No. 360693). Therefore, we affirm the trial court's 25-point score for OV 3.

## B. SCORING OF OV 6

OV 6 is scored for the offender's intent to kill or injure another person. MCL 777.36(1). A score of 25 points is appropriate for OV 6 if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result[.]" MCL 777.36(1)(b). Notably, "[t]he sentencing judge shall score this variable consistent with a jury verdict unless the judge has information that was not presented to the jury." MCL 777.36(2)(a).

As defendant observes, the jury found him guilty of second-degree murder. Given its verdict, the jury concluded that the evidence supported "the [unpremeditated] intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.' " *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002) (citation omitted). As defendant acknowledges, there is no indication in the record that the sentencing judge had information that was not presented to the jury. Therefore, OV 6 was properly scored at 25 points because it corresponds with the intent stated under MCL 777.36(1)(b), and is consistent with the jury's verdict.

## C. SCORING OF OV 19

Ten points are appropriate under OV 19 if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c). Interfering or attempting to interfere with the administration of justice is broadly interpreted when assessing OV

19. *People v Barbee*, 470 Mich 283, 286-287; 681 NW2d 348 (2004). Any acts by a defendant that interfere or attempt to interfere with the judicial process or law enforcement officers and their investigation of a crime may support a score for OV 19. *Id.* In scoring OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). Fleeing from the police can be "interference with the administration of justice" where there was an "effective command for the vehicle to stop, in the form of the police activating their lights and sirens." *People v Ratcliff*, 299 Mich App 625, 633; 831 NW2d 474 (2013), vacated in part on other grounds 495 Mich 876 (2013).

The facts support the trial court's determination that defendant interfered with the administration of justice when he fled from the police and had to be forcibly taken into custody. Evidence was presented at trial that defendant left the crime scene—his home—after he knew that 911 had been called and before the police arrived. As explained by the trial court, the responding officers, who had been given defendant's license plate number and his direction of travel, located defendant's vehicle and positioned their fully marked patrol cars behind defendant's vehicle, with one patrol car ultimately moving alongside of defendant's vehicle, with their lights and sirens activated. Defendant did not stop, but continued to drive for approximately a quarter to a half mile. After defendant "eventually" stopped, he failed to follow the officers' loud verbal commands to show his hands and get out of the car. Defendant ultimately got out of the car after an officer approached his window, giving additional commands, and knocked on the window with his flashlight. Once out of the car, defendant continued to be uncooperative and had to be forcibly restrained. As we stated in *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016), "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." That is what defendant was trying to do before he was taken into custody. That defendant "did not fight the police and, once handcuffed . . . appears compliant," does not eradicate the evidence of his conduct of ignoring the officers' effective commands to stop. Consequently, the trial court did not clearly err when it assigned 10 points for OV 19.

## IV. *CROSBY* REMAND HEARING

Lastly, defendant challenges the propriety of the trial court resentencing him, which the federal court ordered, as opposed to holding only a *Crosby*[5] hearing. Defendant contends that under *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), the proper remedy was limited to a *Crosby* hearing. Defendant has waived this argument.

In making this argument, defendant recognizes that the trial "court was required to honor the writ issued by the federal district court." Consistent with this concession, defendant's arguments in state and federal court constitute a waiver of this argument because he received the exact relief that he repeatedly requested—resentencing. In defendant's application for leave to appeal the trial court's decision denying his motion for relief from judgment, defendant requested that this Court "Remand for Resentencing by an Opinion and Order of this Honorable Court." In his application for leave to appeal this Court's denial of leave to appeal to the Michigan Supreme Court, defendant requested that the Supreme Court "grant his RELIEF REQUESTED, that being,

---

[5] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

VACATE and REMAND this case back to the Oakland County Circuit Court for RESENTENCING; and, if necessary, a CROSBY HEARING, or whatever further proceedings . . . ." Then, in federal court, defendant made the following request for resentencing:

> *He is entitled to resentencing* where the sentencing court failed to resolve challenges based upon materially inaccurate information in the presentence report depriving him of state and federal Sixth and Fourteenth Amendment requirements and he is entitled to remand for resentencing under *People v Lockridge* and *Montgomery v Louisiana*[,] [577 US 190, 205; 136 S Ct 718; 193 L Ed 2d 599 (2016)] where the court engaged in judicial factfinding that increased his sentencing range in violation of his Sixth Amendment rights. [*Kennedy v Jackson*, opinion of the United States District Court for the Eastern District of Michigan, issued July 14, 2020 (Case No. 2:17-cv-11578), p 2 (emphasis added)]

On remand, the trial court first held a status conference at which it discussed the federal order that "sent the matter back to this Court for resentencing," "set the sentencing hearing" date, and requested that the parties submit memos so that it could fully understand "each party's position on what the resentencing should be." When asked if the trial court's discussion of what was to occur was accurate and if defense counsel had anything to add, counsel responded: "You have and no." At the outset of resentencing, the trial court observed that both the prosecution and defense had requested that the court set the matter for resentencing in accordance with the federal decision.

By specifically requesting resentencing and expressly agreeing that resentencing was the proper procedure, defendant waived appellate review of this claim of sentencing error. *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). Defendant's waiver extinguished any error, leaving no error to review. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan