*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PATRICK DEAN STILES,

      Defendant-Appellant.

UNPUBLISHED
November 12, 2024
3:13 PM

No. 368372
Montcalm Circuit Court
LC No. 2023-030057-FH

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of two counts of resisting and obstructing a police officer, MCL 750.81d(1), and was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 42 months to 15 years' imprisonment for each conviction. Defendant now appeals by right, arguing that the trial court erroneously assessed 15 points for Offense Variable (OV) 19 by classifying defendant's slipping his hand from handcuffs as a use of force, and by considering conduct that occurred before the sentencing offense. We affirm.

This case arises out of defendant's arrest and escape from handcuffs in the presence of three Michigan State Police troopers. Before his arrest, defendant was pepper sprayed by troopers at a residence. Emergency Medical Services personnel were treating defendant to alleviate the effects of the spray when he slipped one of his wrists from the handcuffs and fled the scene. All three officers chased defendant, but he ran across a highway and into woods where the officers lost sight of him. Troopers located defendant three days later hiding in a crawlspace underneath the home, with a broken chain link in his pants pocket. The handcuffs from his prior arrest were not on defendant's wrist when he was apprehended.

After being charged with two counts of resisting and obstructing a police officer and maliciously destroying police or fire department property, MCL 750.377b, the jury returned a guilty verdict on the two counts of resisting and obstructing a police officer and acquitted defendant of the charge of malicious destruction of police or fire department property. At the sentencing hearing, the trial court took defendant's preoffense conduct of being pepper sprayed

into account when assessing his OV 19 score. The trial court also deemed defendant's removal of his wrist from the handcuffs "a use of force" that interfered with the administration of justice.

Defendant argues on appeal that he is entitled to resentencing because, first, he did not use force or the threat of force as required under OV 19, and second, the trial court considered conduct that occurred before the sentencing offense in its assessment of 15 points for OV 19.

A trial court's factual findings "must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "De novo review means we review this issue independently, without any required deference to the courts below." *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018). "Preserved scoring issues are reviewed to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Waclawski*, 286 Mich App 634, 680; 780 NW2d 321 (2009) (quotation marks and citation omitted).

Although the sentencing guidelines are advisory, trial courts must still consider the guidelines in sentencing determinations. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). When calculating the points, the trial court must assess the highest applicable points as provided by statute. See *People v Morson*, 471 Mich 248, 260; 685 NW2d 203 (2004). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of the PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

OV 19 applies if the security of a penal institution or court is threatened or if defendant interferes with the administration of justice or the rendering of emergency services through a use or threat of force. MCL 777.49. The guidelines for assessing OV 19 state in pertinent part as follows:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services .................................................................................. 15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order ......................................................................... 10 points[.]  [MCL 777.49.]

Generally, the scoring of the OVs is offense specific.  *People v McGraw*, 484 Mich 120, 126-127; 771 NW2d 655 (2009).  "Because the circumstances described in OV 19 expressly include events occurring after a felony has been completed, the offense variable provides for the 'consideration of conduct after completion of the sentencing offense.' " *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010), quoting *McGraw*, 484 Mich at 133-134.

Additionally, "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013).  Fleeing from police contrary to an order to freeze constitutes an interference or attempt thereof with the administration of justice. *Id*. at 344.  See also *People v Ratcliff*, 299 Mich App 625, 633; 831 NW2d 474 (2013) (scoring 10 points when the defendant fled on foot), vacated in part on other grounds 495 Mich 876 (2013); *People v Cook*, 254 Mich App 635, 637, 639-641; 658 NW2d 184 (2003) (scoring 10 points when the defendant fled on foot after being a passenger in a vehicle chase), overruled in part on other grounds by *McGraw*, 484 Mich at 133.  Hiding from police, as an act intended to hinder police investigation, also constitutes an interference with the administration of justice. *Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016).

The word "force" is defined, in relevant part, as "strength or energy exerted or brought to bear: cause of motion or change[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed).  This Court has held that a defendant opening the door of a third party's camper and entering it to hide from police warranted 15 points under OV 19 as a use of force against another's property that interfered with the administration of justice. *Smith*, 318 Mich App at 288.

To the extent that the trial court considered preoffense conduct in its scoring of OV 19, it erred.  "*McGraw* applies regardless of whether a court is addressing conduct occurring before or after the sentencing offense; the touchstone is that the conduct to be considered in scoring the variable must have occurred during the commission of the sentencing offense unless the offense variable statute expressly says otherwise." *People v Thompson*, 314 Mich App 703, 716-717; 887 NW2d 650 (2016).  But, as stated earlier, "[b]ecause the circumstances described in OV 19 expressly include events occurring after a felony has been completed, the offense variable provides for the 'consideration of conduct after completion of the sentencing offense.' " *Smith*, 488 Mich at 202, quoting *McGraw*, 484 Mich at 133-134.

Here, troopers maced defendant in a separate incident before he slipped from his handcuffs and fled postarrest, which formed the basis for both counts of his resisting and obstructing charges against each trooper.  At sentencing, the investigating case manager, the prosecutor, and the trial court mentioned in support of scoring 15 points that troopers maced defendant.  As stated, *McGraw* and *Smith* interpreted the language of OV 19 to include postoffense conduct but not preoffense conduct, and therefore, the trial court erred in its scoring assessment by considering that defendant had been maced.

However, aside from considering the preoffense conduct, the trial court's assessment of OV 19 at 15 points was supported by a preponderance of the evidence because defendant's actions constituted a use of force. See *Hardy*, 494 Mich at 438. Again, fleeing and hiding from police are well-established circumstances that interfere with the administration of justice and earn a minimum of 10 points under OV 19. See *Ratcliff*, 299 Mich App at 633; *Cook*, 254 Mich App at 637. In *Smith*, 318 Mich App at 284, the defendant ran from police into a residential neighborhood after stealing from a grocery store. The defendant opened the door of a camper and hid inside to avoid police apprehension. *Id.* This Court held that the defendant's opening of the camper door to hide from police pursuit constituted a use of force against another's property that interfered with the administration of justice so as to warrant 15 points under OV 19. *Id*. at 288.

While handcuffed with Michigan State Police-issued handcuffs, defendant used his right hand to slip the cuff off of his left wrist in order to escape police custody. The minimal amount of force used in opening a camper door is similar to the amount of force defendant likely exerted against the handcuffs when he slipped his wrist from them. There is no requirement for the property to be damaged under OV 19 as a prerequisite to assess 15 points. Therefore, defendant's exertion of force against police handcuffs was sufficient to assess 15 points under OV 19.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron